IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY A. MARTIN | ) | Chapter 7 |
| | ) | Case No. 14-11743-whd |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR AN ORDER PURSUANT TO RULE 2004
AUTHORIZING EXAMINATION OF AND DIRECTING PRODUCTION
OF DOCUMENTS BY JEFFREY A. MARTIN AND MARTIN FINANCIAL, LLC**

COMES NOW, RES-GA TWO, LLC ("RES-GA"), and files this Motion pursuant to Federal Rule of Bankruptcy Procedure 2004, seeking the entry of an order authorizing the examination of Jeffrey A. Martin ("Debtor") and Martin Financial, LLC ("Martin Financial") at such time and place as the parties may agree and compelling Debtor and Martin Financial to produce the documents described in the attached Exhibit A, showing this Court as follows:

**INTRODUCTION**

1.      Debtor owes RES-GA over $3.2 million. RES-GA seeks to examine Debtor and Martin Financial, a sole proprietorship operated by Debtor that pays all of Debtor's personal expenses. While Debtor's Schedules reflect and Debtor testified at the recent 341 meeting that the only transfer by him of any property within the four years prepetition was of one lot to his lawyer, a review of public records reflects numerous transfers of real property by Debtor. Likewise, Debtor testified that he did not own an interest in any entity, other than those reflected

on his Schedules, but public records reflect that Debtor owns or previously owned an interest in a number of entities not reflected on his Schedules or revealed at the 341 meeting.

2.      RES-GA seeks entry of an order requiring Debtor and Martin Financial to produce information including information regarding their assets, and transfers of property, in order that RES-GA and the Trustee may determine the value of Debtor's assets, potential causes of action, and Debtor's entitlement to a discharge.

## BACKGROUND

3.      Debtor is indebted to RES-GA pursuant to a final order and default judgment entered on June 9, 2014 by the Superior Court of Henry County, Georgia in Civil Action No. 10-CV-2692 in the amount of $3,208,945.80.

4.      On August 8, 2014, Debtor filed a petition under chapter 7 of the Bankruptcy Code, initiating this case.  (Doc. No. 1.)

5.      On August 8, 2014, Griffin E. Howell III (the "Trustee") was appointed as chapter 7 Trustee. (Doc. No. 6.)

6.      According to Debtor's Statement of Financial Affairs, Debtor has an interest in the following entities:

        (a)     Martin Financial;

        (b)     TMAR Farms, LLC;

        (c)     Access Financial Group, Inc.;

        (d)     Timberline Group, LLC; and

        (e)     MC-Land Investment, LLC.

(Doc. No. 1 at 11.) Martin Financial is a sole proprietorship through which Debtor does business. Debtor does not maintain a personal bank account; all of his expenses are paid by and through Martin Financial.

7. Debtor has, had, or may have had an interest in the following entities:

(a) Marada, Inc.;

(b) Q-TAN LLC; and

(c) TMAR, Ltd., LLC.

8. At the 341 meeting, Debtor testified that he had not transferred any property within the four years prepetition, other than a lot in Elbert County, Georgia to his lawyer in satisfaction of attorney's fees. However, a review of Georgia public records reflect a number of transfers by Debtor within the four years prepetition.

9. RES-GA believes that Debtor and Martin Financial have information and documentation relating to, and RES-GA seeks to examine Debtor and Martin Financial with respect to, matters including, but not limited to: (a) the existence, location and value of Debtor's assets, including real and personal property, bank accounts and other liquid assets; (b) transfers between and among Debtor and various third parties; and (c) any other matters relating to the acts, conduct and property of the Debtor that may affect the administration of this bankruptcy case and any causes of action that the Trustee is authorized to pursue.

## ARGUMENT

10. Rule 2004 authorizes examination of any entity relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. Proc. 2004(b).

11. Information regarding Debtor's assets, Debtor's interests in various companies and corporations, and transfers by Debtor to third parties is critical because, in connection with his duties as Trustee, the Trustee is charged with gathering, administering and liquidating Debtor's assets for distribution to Debtor's creditors, including RES-GA, and with investigating and pursuing causes of action, including avoidance actions.

12. Information relating to and examination of Martin Financial is necessary given that Martin Financial is a sole proprietorship through which Debtor conducts business and because Debtor does not maintain a personal bank account and uses Martin Financial to pay all of his personal expenses. Without information regarding Martin Financial, RES-GA and the Trustee will not be able to fully investigate Debtor's assets.

13. Hence, the relief requested herein is necessary for the Trustee to carry out his duties with respect to this bankruptcy case and for RES-GA to investigate Debtor's assets and determine whether there is a basis to object to Debtor's discharge.

## CONCLUSION

WHEREFORE, RES-GA prays that the Court enter an order pursuant to Rule 2004:

(a) compelling Debtor and Martin Financial to produce to RES-GA at the offices of Morris, Manning & Martin, LLP on or before October 17, 2014, all documents requested in Exhibit A attached hereto in Debtor and/or Martin Financial's possession, custody or control or that of their present or former attorneys, accountants, agents and other representatives;

(b) authorizing the examination of Debtor and Martin Financial at a mutually-convenient time and place, provided that such examination occurs on or before October 31, 2014; and

  (c) granting such other and further relief that this Court deems just and proper under the circumstances.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 30th day of September, 2014.

                                **MORRIS, MANNING & MARTIN, LLP**

                                By:   /s/ Lisa Wolgast
                                   Lisa Wolgast, Ga. Bar No. 773399
                                   Morris, Manning & Martin, LLP
                                   3343 Peachtree Road, N.E.
                                   Suite 1600
                                   Atlanta, Georgia 30326
                                   (404) 233-7000

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Jeffrey A. Martin | ) | Chapter 7 |
| | ) | Case No. 14-11743-whd |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **MOTION FOR AN ORDER PURSUANT TO RULE 2004 AUTHORIZING EXAMINATION OF AND DIRECTING PRODUCTION OF DOCUMENTS BY JEFFREY A. MARTIN AND MARTIN FINANCIAL, LLC** by depositing a true and correct copy in the United States Mail with sufficient postage affixed thereto to assure first class delivery and properly addressed as follows:

**Jeffrey Alan Martin**
P.O. Box 457
Lovejoy, GA 30250

**Griffin E. Howell, III**
127 1/2 East Solomon Street
PO Box 551
Griffin, GA 30224

**William A. Rountree**
Macey, Wilensky & Hennings LLC
Suite 4420
303 Peachtree Street, NE
Atlanta, GA 30308

**Office of the United States Trustee**
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

**Ron C. Bingham, II**
Stites & Harbison, PPLC
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA 30308

**David M. Wolfson**
1010 Williams Street
Valdosta, GA 31601

This 30th day of September, 2014.

[Signature on following page]

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

By: /s/ Lisa Wolgast
   Lisa Wolgast, Ga. Bar No. 773399
   Morris, Manning & Martin, LLP
   3343 Peachtree Road, N.E.
   Suite 1600
   Atlanta, Georgia 30326
   (404) 233-7000

-8-

**EXHIBIT A**

**DEFINITIONS**

As used herein, the following words and terms shall have the following definitions:

1. "Any" shall be deemed to include and encompass the words "each" and "all."

2. "Bank Records" means all bank statements, copies of checks, cancelled checks, wire transfer confirmation, deposit slips, cashier checks, and check registers relating to checking accounts, savings accounts, money market accounts, investment accounts, credit card accounts, certificates of deposit, or any other type of account with any financial institution.

3. "Communication" means any contact, transmission, or exchange of information between two or more persons, orally, or in writing, including, but not limited to, any conversation or discussion whether by chance or prearranged, formal or informal, face-to-face, by telephone, telegraph, telex, telecopier, electronic mail, instant message or other media.

4. "Debtor" means Jeffrey A. Martin.

5. "Document" means each and every form of Communication and each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody, or control, including but not limited to, all printed and electronic copies of electronic mail, e-mails, e-mail attachments, notes, correspondence, memoranda, computer screen shots, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules,

transparencies, recordings, catalogs, advertisements, promotional materials, brochures, pamphlets, or any written or recorded material of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

6.     "General Intangibles" means all payment intangibles, customer lists, goodwill, trademarks, trademark applications, trade names, symbols, trade secrets, patents, copyrights, formulas, industrial designs, software, other intellectual property or rights therein, whether under license or otherwise.

7.     "Including" means without limitation.

8.     "Companies" means and refers to any and all of the following: Access Financial Group, Inc.; Marada, Inc.; Martin Financial, LLC, a/k/a Martin Financial, Inc.; MC Land Investments, LLC; TMAR Farms, LLC; TMAR Ltd., LLC; Q-TAN, LLC, a/k/a Q-TAN Ltd, LLC, together with their present or former subsidiaries, divisions, subdivisions, predecessors, successors, joint ventures, and assigns.

9.     "Martin Financial" means Martin Financial, LLC along with any of its present or former subsidiaries, divisions, subdivisions, predecessors, successors, joint ventures, assigns, attorneys, agents, partners, officers, directors, employees, and other representatives, including, without limitation, Martin Financial, Inc.

10.    "Transferee(s)" means and refers to any and all of the following: Access Financial Group, Inc.; Marada, Inc.; Connie Lynn Martin, f/k/a Connie Lynn Shaw; Tiffany Wolf f/k/a

Tiffany R. Martin; Martin Financial; MC-Land Investment, LLC; Richard Schrade; I.H. Sealy; TMAR Farms, LLC; TMAR Ltd., LLC; Q-TAN, LLC, a/k/a Q-TAN Ltd, LLC.

11. "You" or "Your" refers to Debtor and Martin Financial individually and collectively.

## INSTRUCTIONS

1. The words "and" and "or" shall be construed in the conjunctive or disjunctive as is necessary to make the request inclusive rather than exclusive.

2. The past tense shall be construed to include the present tense and visa versa, to make the request inclusive rather than exclusive.

3. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

4. The phrases "concerning," "relate to," "relates to," "relating to," "related to" or any conjunction thereof, shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, negating, or referring to the topic or subject in question, either in whole or in part.

5. Each request for documents seeks production of all documents described therein, along with any attachments, drafts, and non-identical copies, in the possession, custody or control of Debtor, Martin Financial or that of their present or former attorneys, accountants, agents and other representatives.

6. If a responsive document once existed, but has been destroyed or cannot be located, please describe the document's contents, author(s), and addressee(s) to the extent possible, and the circumstances of the document's destruction or disappearance.

-3-

7. If You claim the attorney-client privilege, or any other privilege or work product protection for any document, please provide the following information with respect to each such document:

    a. type of document (e.g., letter, memorandum, etc.);

    b. date;

    c. author(s) of the document and each and every other person who prepared or participated in the preparation of the document.

    d. a description of its subject matter and physical size;

    e. all addressees or recipients of the original or a copy thereof, and their relationship to the author; and

    f. the nature of the privilege or protection claim relied upon and supporting information sufficient to evaluate the applicability of such claim of privilege or protection.

8. If You object to a request or any portion thereof, set forth fully and in detail the basis for such objection and answer or respond to the remainder of the request.

9. The time period for each request, unless otherwise indicated, shall be from August 8, 2010 to the date of response, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

**REQUESTED DOCUMENTS**

1. Any and all Documents evidencing, reflecting or relating to Your ownership or leasehold interest in any real property held at any time since August 8, 2010, regardless of

whether such interest was held individually or jointly with another person or entity or through Your membership in any entity, including any documents relating to the value of such real property (including any appraisal or other valuation), any liens encumbering such real property, the income received by You, directly or indirectly, from such property.

2. Any and all Documents evidencing, reflecting or relating to any personal property and/or General Intangibles owned by You, regardless of whether such interest was held individually or jointly with another person or entity or through Your membership in any entity, at any time since August 8, 2010, including any documents relating to the value of such personal property and/or General Intangibles (including any appraisal or other valuation), any liens encumbering such personal property and/or General Intangibles, the income received by You, directly or indirectly, from such personal property and/or General Intangibles.

3. Any and all Documents evidencing, reflecting or relating to any automobiles, trailers, boats, airplanes, personal watercraft, personal recreational vehicles (such as ATVs), or other vehicles You have or had an ownership, rental or lease interest in or have or had at Your disposal, whether individually or jointly with another person or entity or through Your membership in any entity, at any time since August 8, 2010. Documents responsive to this request include, without limitation, automobile tag registrations, certificates of title, automobile titles, leases, car notes and purchase agreements.

4. Any and all documents relating to any checking accounts, savings accounts, money market accounts, investment accounts, deposit accounts, credit card accounts, or any other type of account maintained in the name of Debtor and/or Martin Financial or for Debtor and/or Martin Financial's benefit, whether solely or jointly with another person or entity or

through Debtor and/or Martin Financial membership in any entity, at any bank, savings and loan, credit union, money market, brokerage firm or other financial institution, at any time since August 8, 2010.  Documents responsive to this request include, but are not limited to, monthly or other periodic account statements, credit card statements, cancelled checks, wire transfer confirmations, deposit slips, and all correspondence concerning or relating to any such account. Specifically, but without limitation, this request seeks documents regarding the following accounts:

    a.   Regions Bank account ending in 6979; and

    b.   Regions Bank account ending in 5542.

5.    All Documents relating to every source of income and expense of Debtor and/or Martin Financial, including income, distributions and/or dividends received by Debtor and/or Martin Financial from employment by any person or entity, ownership in any entity or from real and/or personal property owned by Debtor and/or Martin Financial.

6.    Any and all documents sufficient to show every source of income You have had since August 8, 2010, including income, distributions and/or dividends received by You from employment by any person and/or entity, or from real and/or personal property owned by You.

7.    Any and all documents relating to Debtor's employment by any person or entity at any time during the period from August 8, 2010 through the present, including, but not limited to, any employment contracts, independent contractor agreements, consulting agreements, wage statements, W-2s, 1099 forms, pay stubs and earnings reports.

8.    Any and all copies of all income tax returns, corporate tax returns, sales and use tax returns, K-1s, 1099s, partnership tax returns, or intangible tax returns, filed by You,

individually or jointly with any other person or entity, with any federal, state or municipal government, for the period January 1, 2010 through the present, including all documents supporting or used to prepare any and all such tax returns.

9. Any and all copies of all income tax returns, corporate tax returns, sales and use tax returns, K-1s, 1099s, partnership tax returns or intangible tax returns filed by the Companies and/or any entity in which You have or had any interest for the period January 1, 2010 through the present, including all documents supporting or used to prepare any and all such tax returns.

10. All financial statements issued by Debtor, Martin Financial, the Companies, or any entity in which Debtor has or had a financial interest.

11. Any and all Documents evidencing, reflecting or relating to the transfer by Debtor and/or Martin Financial of any real property, personal property, and/or General Intangible, including, without limitation, documents reflecting the date of the transfer, the reason(s) for such transfer, the property transferred, and the consideration received by Debtor for such transfer.

12. All Communications between You and any person or entity referring or relating to the transfer of any real property, personal property, and/or General Intangible by Debtor and/or Martin Financial.

13. All Documents constituting, evidencing, referring or relating to Debtor and/or Martin Financial' s ownership, membership or beneficial interest, whether individually or jointly, in any business venture, joint venture, enterprise, corporation, limited liability company, partnership, fund or trust, including, but not limited to the Companies. Documents responsive to this request would include, but are not limited to stock certificates, bond certificates, membership

certificates, mutual fund certificates, partnership agreements, operating agreements, by-laws, articles of organization, and/or articles of incorporation, and any amendment thereto.

14. All Documents constituting, evidencing, referring or relating to any operating agreement, articles of incorporation, and/or articles of organization governing or relating to the Companies in effect at any time during the period August 8, 2010, and all amendments and modifications thereto.

15. All Documents constituting, evidencing, referring or relating to all members of any business venture, joint venture, enterprise, corporation, limited liability company, partnership, fund, or trust, in which You have or had an ownership, membership or beneficial interest, including, but not limited to the Companies, whether individually or jointly.

16. Any and all Documents constituting, evidencing, referring or relating to the assets and liabilities of any business venture, joint venture, enterprise, corporation, limited liability company, partnership, fund, or trust in which You have or had an ownership, membership, or beneficial interest, including, but not limited to the Companies, whether individually or jointly. This request includes, without limitation, documents reflecting the date of the transfer, the reason(s) for such transfer, the interest(s) transferred, and the consideration received by Debtor and/or Martin Financial for such transfer.

17. Any and all documents evidencing, reflecting or relating to the transfer by Debtor and/or Martin Financial of any ownership, membership or beneficial interest held by Debtor and/or Martin Financial at any time since August 8, 2010, whether individually or jointly, in any business venture, joint venture, enterprise, corporation, limited liability company, partnership, fund or trust, including, but not limited to the Companies.

18. All Documents constituting, evidencing, referring or relating to any decree, order and/or judgment entered in the case styled: *Tiffany Renee Martin v. Jeffrey Alan Martin*, Henry County Superior Court, Civil Action File No. 08-CV-2776-A.

19. All Documents constituting, evidencing, referring or relating to any settlement agreement between Debtor and Tiffany Martin.

20. All Documents constituting, evidencing, referring or relating to any divorce and/or marital separation between Debtor and Connie Lynn Martin f/k/a Connie Lynn Shaw regarding or relating to divorce and/or marital separation. This request includes, without limitation, all Documents filed in any civil action or with any court.

21. Any and all documents evidencing, relating to or reflecting amounts owed by You to any person or entity, whether contingent or not, liquidated or unliquidated, including any promissory note, security deed or security agreement, and balance sheets or account ledgers.

22. All contracts between Martin Financial and any third party, including, but not limited to TMAR, Ltd., LLC.